Filed 7/19/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>RYAN MICHAEL BOOTH,<br><br>     Defendant and Appellant. | G054999<br><br>(Super. Ct. No. 14WF3419)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge. Affirmed.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Anthony Da Silva and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant was convicted of five counts of sexual penetration of a child 10 years old or younger (Pen. Code, § 288.7, subd. (b); counts 2, 3, 5, 7, & 10);[1] three counts of oral copulation of a child 10 years old or younger (§ 288.7, subd. (b); counts 1, 4, & 6); five counts of preparing pornographic images of a minor (§ 311.4, subd. (c); counts 8, 11, 12, 13, & 14); one count of possessing child pornography (§ 311.11, subd. (a); count 9); and one count of sexual exploitation of a child (§ 311.3, subd. (a); count 15). As to count 9, possession of pornography, the jury found it to be true that defendant possessed more than 600 images and 10 or more images involving a prepubescent minor or a minor under 12 years old. (§ 311.11, subd. (c)(1).) The court sentenced defendant to a determinant term of 8 years 4 months, plus an indeterminate term of 120 years to life.

Defendant raises two issues on appeal.

First, he contends the court erroneously believed it had no discretion to run the section 288.7 (sexual penetration and oral copulation) sentences concurrently. He requests we remand so the court may exercise its discretion. He bases his argument on the following comment by the court. "[T]he defendant is not statutorily eligible for probation pursuant to [section] 1203.065[, subdivision] (a). There is no discretion as to the indeterminate sentence with regard to this particular case." Then in the minutes the following statement appears. "Court indicates as to counts 1, 2, 3, 4, 5, 6, 7 and 10 there is no discretion and the court must sentence the defendant to the mandatory minimum indeterminate sentence of 120 years to life. The defense asked for [section] 654 and the court is not inclined to grant that request."

_____

[1]       All further statutory references are to the Penal Code.

The judgment is presumed correct. It is defendant's burden to affirmatively demonstrate error. (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.) We conclude the record does not support defendant's contention that the court misunderstood its discretion. In context, the court correctly pointed out it had no discretion to offer defendant probation (§ 1203.065, subd. (a)), and the mandatory sentence for each of the eight section 288.7 counts is 15 years to life (§ 288.7, subd. (b)).

We do not interpret the court's comments as an indication that it believed it was required to impose each count consecutively. The sentencing briefs for both the People and defendant stated that the court has discretion, and the court noted it had read and considered the briefs. At the sentencing hearing, the prosecutor asked the court to impose the "maximum" sentence of 120 years to life. The court then acknowledged that defendant "asked that the court consider, I believe in your sentencing brief, a reduction, and that is based on a [section] 654 argument as well as a merger argument, and the court is not inclined to do that. The court finds that each instance is separate." The reference to a "merger" argument seems to be to defendant's sentencing brief, where defendant argued the sentences should run concurrently because the four videos in evidence were "chapters in the same book" in that they occurred in the same location, occurred on the same day, using the same methods, and for the same purpose. The court's statement that each crime was "separate" appears to be in reference to the factors a trial court must consider in deciding whether to run sentences consecutively: "(1) The crimes and their objectives were predominantly independent of each other; [¶] (2) The crimes involved separate acts of violence or threats of violence; or [¶] (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." (Cal. Rules of Court, rule 4.425.) In context, therefore, we interpret the court's statement to mean that, having made the decision to impose the counts consecutively after consideration of these factors,

3

the court had no discretion other than to impose an indeterminate 120 years to life, which is correct.

Second, defendant contends there was insufficient evidence to support the section 311.4 counts for preparing pornographic images. Defendant's argument is that, properly interpreted, section 311.4 does not apply to what he did.

Section 311.4, subdivision (c), provides, "Every person who, with knowledge that a person is a minor under the age of 18 years, . . . knowingly promotes, employs, uses, persuades, induces, or coerces a minor under the age of 18 years. . . to engage in or assist others to engage in either posing or modeling alone or with others for purposes of preparing any . . . image, including, but not limited to, any film [or] photograph, . . . that contains or incorporates in any manner, . . . sexual conduct by a minor under the age of 18 years . . . , is guilty of a felony." Defendant contends the minor, in the photographs and films he created, did not pose or model.

To address this contention, we briefly recite the facts relevant to the section 311.4 counts.

When the abuse began, defendant was 28 years old. The victim, his niece, was born in 2012. Police executed a search warrant on defendant's home and seized a hard drive. A forensic examination revealed approximately 220,000 images and 2,000 videos of child exploitation. Of those, approximately 150 to160 images and four videos were of the victim. The four videos were played for the jury. They depicted defendant digitally penetrating and orally copulating the victim while she was in her crib. They were created in August 2014. Several pornographic images of the victim were also introduced into evidence. They were created between April 10, 2013, and April 24, 2013.

The actual videos and images were not made part of our record, but the parties essentially agree on what they depict.  In an interview with police, defendant offered the following description in response to questions by the detective:  Detective: "Now the naked pictures is she like spreading her legs or anything like that?  Where you can see her vagina?  Like have . . . did you position her in any kind of um like sexual poses?  [¶]  [Defendant]:  ***where she had her legs spread, yeah they're . . . [¶] . . . [¶] [Detective:]  Okay. But I mean . . . so does . . . is she laying on her back with her legs spread where you can see her?  [¶]  [Defendant]:  Yeah."

At trial defense counsel *conceded* defendant was guilty of the section 311.4 charges, stating, "He's making the video, and he's putting her up there.  He's posing her.  He's modeling her like one of the Penal Codes that you have, the one of the 311 series, that's what he's doing.  And he's making sure all the video and the photographs have the right angle, because he's planning on sharing it."  Defense counsel continued, "So I ask you to actually take the time and look at what the law is and find him guilty on all the 311 charges, the possession of the porn, the posing, the modeling, that horrible haunting video that we all saw.  He's guilty of that."

On appeal, the People describe the conduct thusly.  Defendant "took pictures of [victim] posing with her genitals exposed, [defendant] using his fingers to spread open her vaginal area, and [defendant] digitally penetrating her anus with his finger."  In the videos, the victim "repeatedly tried to get away from [defendant] and told him, 'No!'  Nevertheless [defendant] positioned [victim] and the camera to capture him orally copulating and digitally penetrating her."  Defendant, for his part on this appeal, "agrees he manipulated her, and photographed and filmed her unbeknownst to her."

5

Defendant's contention, however, is that what he did does not amount to posing or modeling because he did it to the victim, rather than the victim voluntarily posing or modeling. For this proposition, he relies on a dissent in *People v. Hobbs* (2007) 152 Cal.App.4th 1 (*Hobbs*).

In *Hobbs* the defendant surreptitiously set up a video camera in a high school girls locker room prior to a swim meet. He set up caution tape and "'Do Not Enter'" signs to ensure the girls would change in areas captured by the camera. (*Hobbs, supra*, 152 Cal.App.4th at p. 4.) He was charged with violations of section 311.4, subdivision (c). (*Id.* at p. 3.) On appeal, he argued the girls were not posing or modeling at the defendant's direction, and thus he was not guilty of those charges. (*Id.* at p. 5.) The majority disagreed, concluding the statute has no requirement that the posing or modeling be at the direction of the defendant. (*Ibid.*) The majority reasoned that by manipulating their environment, he posed the girls. (*Id.* at p. 7.)

The dissenting justice disagreed, stating, "Posing and modeling both require that the subject intentionally assume a certain position. They also both require that the subject know—or at least contemplate the possibility—that he or she is being observed. An inanimate object cannot pose or model." (*Hobbs, supra*, 152 Cal.App.4th at p. 10 (dis. opn. of Richli, J.).) "[A] person going about his or her business, without knowingly posing or modeling, simply is not posing or modeling at all. Otherwise, we would all be posing and modeling all the time; these statutory words would be rendered meaningless." (*Ibid.*) "As we all learned in high school, a transitive verb has a direct object. For example, in the sentence, 'John wrote a check,' 'wrote' is transitive. An intransitive verb has no direct object. For example, in the sentence, 'Joan wrote beautifully,' 'wrote' is intransitive. Some verbs are exclusively transitive and some are exclusively intransitive, but often—like 'wrote'—they can be used either way. [¶] Here, the statute requires that the defendant must promote, employ, use, persuade, induce, or coerce the minor to engage in posing. The defendant need not pose the minor

6

(transitive); however, the minor must pose (intransitive). If the Legislature wanted the statute to be triggered when the defendant merely poses the child, it could easily have written it that way." (*Ibid.*)

Defendant requests that we side with the dissent in *Hobbs* and find that his conduct here did not violate section 311.4, subdivision (c), because the victim did not pose. We decline. While we appreciate the sophisticated grammatical points the dissent makes, in our view the dissent fails to account for the statute's use of the words "uses" and "coerces." Those words suggest the posing and modeling need not be something the minor does voluntarily, but instead may be *imposed* on the minor. If, for example, a defendant were to film sex acts on an unconscious minor, manipulating her in ways to enhance the filming, that would satisfy the posing requirement in our view. So too, here, the fact that minor did not know she was being filmed does not change the fact that she was unknowingly being used for, and coerced into, poses.

Our holding is consistent with the statute's purpose, as explained by our high court in *People v. Cochran* (2002) 28 Cal.4th 396, 402: "Enacted in 1961, section 311.4 is part of a statutory scheme '"to combat the exploitive use of children in the production of pornography."' [Citation.] The statute is 'aimed at extinguishing the market for sexually explicit materials featuring children.' [Citation.] The Legislature was particularly concerned 'with visual displays such as might be found in films, photographs, videotapes and live performances,' and section 311.4 thus 'prohibits the employment or use of a minor . . . in the production of material depicting that minor in "sexual conduct."'" Given that a central purpose of the statute is to punish the exploitation of children, it would be inimical to that purpose to hold, as defendant suggests, that children *forced* into poses do not benefit from the protection of the statute. We decline to so hold.

7

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

ARONSON, J.